IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JIBREEL,<br><br>        Plaintiff,<br><br>  v.<br><br>U.S. DEPT OF STATE,<br><br>        Defendant. | No. C07-00543 MJJ<br>(Related Case Nos. C07-00546 & C07-00547)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

## INTRODUCTION

Before the Court is Defendant United States Department of State's ("Defendant" or United States") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] *Pro se* Plaintiff Adam Jibreel, a.k.a. Adam Blake, ("Plaintiff") opposes Defendant's motion.[2] For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

## FACTUAL BACKGROUND

The material facts as alleged by Plaintiff in his complaint are as follows. Plaintiff has been "maligned by [his] own government's hard working agents" and incorrectly listed in a "number of databases." (Pl.'s Compl.at ¶¶ 2-3.) As a result, Plaintiff requests monetary relief from the "U.S.

---

[1] Docket No. 16

[2] After obtaining Plaintiff's address on the eve the first scheduled hearing on this matter, this Court issued an Order to Show Cause on June 19, 2007 requesting Plaintiff to: 1) indicate whether he intends to prosecute this case; and 2) respond to Defendant's Motion. Docket No. 24. On June 26, 2007, Plaintiff filed a memorandum containing his intention to "follow through" with the case and his opposition to the Motion before the court. Docket No. 25.

1  Department of State, [t]he U.S. Federal Bureau of Investigation, [t]he U.S. Department of Homeland
2  Security, and the U.S. Coast Guard Division of Intelligence." (*Id.* at ¶ 1.)  In addition to monetary
3  renumeration, Plaintiff seeks the "return" of a U.S. passport applied for in August of 2004.  (*Id.*)
4  Plaintiff does not specify any particular causes of action nor clarify which named Defendants are
5  responsible for the individual alleged wrongdoings.  Plaintiff only seeks damages for the following:
6  a three month incarceration by unspecified government agents; "intrusion into . . . personal or sexual
7  propensities or nuances"; estrangement from his son who resides in Canada; and loss of job
8  opportunities and benefits due to records in "federal or municipal databases." (*Id.* at ¶¶ 1-4.)

## LEGAL STANDARD

10  Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a claim for
11  lack of subject matter jurisdiction.  Federal courts are courts of limited jurisdiction; thus, the Court
12  presumes lack of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the
13  burden of proving that subject matter jurisdiction exists.  *See Kokkonen v. Guardian Life Ins. Co.*,
14  511 U.S. 375, 377 (1994); *see also* Fed. R. Civ. P. 8(a) (requiring that a pleading state the grounds
15  for the court's jurisdiction).  A party challenging the court's jurisdiction under Rule 12(b)(1) may do
16  so by raising either a facial attack or a factual attack.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th
17  Cir. 2000).

18  A facial attack is one where "the challenger asserts that the allegations contained in a
19  complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v.*
20  *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In evaluating a facial attack to jurisdiction, the Court
21  must accept the factual allegations in plaintiff's complaint as true.  *See Miranda v. Reno*, 238 F.3d
22  1156, 1157 n.1 (9th Cir. 2001).  For a factual attack, in contrast, the Court may consider extrinsic
23  evidence.  *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Further, the court does
24  not have to assume the truthfulness of the allegations, and may resolve any factual disputes.  *See*
25  *White*, 227 F.3d at 1242.  Thus, "[o]nce the moving party has converted the motion to dismiss into a
26  factual motion by presenting affidavits or evidence properly before the court, the party opposing the
27  motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing
28  subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir.

2

2003).

In the Ninth Circuit, "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specific in *Bell v. Hood*, 327 U.S. 678 [] (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983); *see Safe Air for Everyone*, 373 F.3d at 1039. The *Bell* standard provides that jurisdictional dismissals are warranted "where the alleged claim under the [C]onstitution or federal statute clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such a claim is wholly insubstantial and frivolous." 327 U.S. at 682-83. Additionally, the Ninth Circuit has admonished that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d at 139. The jurisdictional issue and the substantive issues are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139).

## ANALYSIS

Defendant argues that Plaintiff does not allege any jurisdictional grounds authorizing this Court to hear his action, nor state any facts from which to infer such grounds. Specifically, Defendant contends that Plaintiff has not meet the subject matter jurisdictional prerequisite to file a Federal Tort Claim under 28 U.S.C. § 2675(a), and should be barred from proceeding with his claims until they have reached administrative exhaustion.[3]

Under the doctrine of sovereign immunity, the "United States, as sovereign, is immune from suit save as it consents to be sued." *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941). In addition, the government has the ability to define the terms under which it may be sued. *Id.* The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, provides a limited waiver of sovereign immunity under certain specific conditions. The claim requirement of the FTCA is jurisdictional, and may not be waived. *Burns v. United States*, 764 F.2d 722, 724 (9th Cir.1985). Section 2675(a)

---

[3] Defendant also notes that Plaintiff cannot bring a tort action against individual federal agencies under the FTCA since such suits must be brought against the United States. *See* 28 U.S.C. § 2679(a).

3

1  requires that any action brought against the United States for monetary damages alleged as a result
2  of negligence, wrongful acts, or omissions of any government employee be first presented to the
3  appropriate Federal agency. 28 U.S.C. § 2675(a). The claim must either then be finally denied in
4  writing or six months must elapse before claimant is permitted to file suit.

5  On this record, Plaintiff may not avail himself of the limited waiver of sovereign immunity
6  provided by the Federal Tort Claims Act. On the face of his complaint, Plaintiff does not allege that
7  any of his claims have been presented to the appropriate agencies, nor suggest that any of his claims
8  have reached a final administrative adjudication. In response, Defendant presents a declaration
9  stating that a search of United States Department of State records for Plaintiff's name and known
10 aliases reveals "no evidence that Plaintiff has filed an administrative claim under the Federal Tort
11 Claims Act." (Decl. of Jennifer Toole at ¶¶ 2-4.) In order to assert a claim against the United States
12 in Federal Court for the actions of its agents, Plaintiff must first file a claim with the appropriate
13 agency itself and obtain a final determination through that process. Because Plaintiff's complaint
14 dose not demonstrate compliance with these FTCA requirements, and because Plaintiff does not
15 refute Defendant's evidence of noncompliance, the Court **GRANTS** Defendant's Motion to
16 Dismiss.[4]

## CONCLUSION

18 For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss under
19 Federal Rule of Civil Procedure 12(b)(1). The Court **DISMISSES** this action **WITH LEAVE TO**
20 **AMEND**. Plaintiff shall have 30 days from the filing of this Order to file an amended complaint.

22 **IT IS SO ORDERED.**

24 Dated: August_4_, 2007

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court has resolved Defendant's motion on jurisdictional grounds, the Court need not reach Defendant's assertions that Plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).